UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS J. AKRAWI,

    Petitioner,                                         Case No. 12-cv-13977
                                                       HON. BERNARD A. FRIEDMAN

vs.

MICHIGAN PAROLE BOARD, and
MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Respondents.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Louis J. Akrawi ("petitioner") is incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, petitioner challenges the Michigan Parole Board's refusal to grant him parole on his conviction for second-degree murder, MICH. COMP. LAWS § 750.5317, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. The petition for a writ of habeas corpus is summarily denied with prejudice.

**I.    Background**

Petitioner was convicted in the Wayne Circuit Court of second-degree murder and felony-firearm. He was sentenced on September 17, 1996 to a term of 15-to-25 years for the murder and consecutive two-year terms for the firearm conviction. Petitioner alleges that he has been eligible for parole since March 24, 2011, but unlike other similarly situated offenders, he has been denied parole. In fact, petitioner alleges that various individuals within the Michigan

Department of Corrections have plotted to keep him in prison. Petitioner asserts that he is a member of a "class of one" and entitled to equal protection because other similarly situated prisoners have been granted parole. Petitioner seeks a writ of habeas corpus directing the Parole Board to grant him parole.

## II.     Discussion

Petitioner fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it will be summarily dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition, or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); *see also* 28 U.S.C. § 2254; Rules Governing Section 2254 Cases, Rule 4.

Prisoners do not have a constitutional right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Quite simply, there is no federal constitutional right to parole. *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

Petitioner alleges that the Parole Board violated his right to equal protection when it denied his parole. To state a claim under the Equal Protection Clause, petitioners must allege that a state actor intentionally discriminated against them on account of their membership in a legally protected class, i.e., race, religion or nationality. *See Henry v. Metro. Sewer Dist.*, 922

F.2d 332, 341 (6th Cir. 1990). Prisoners are not a suspect class for purposes of equal protection litigation. *See Perez*, 157 F. Supp. 2d at 795. Petitioner's equal protection claim is without merit, in part, because he failed to allege any facts which demonstrate that the Parole Board denied him parole on the basis of his membership in a protected class. *See Carnes v. Engler*, 76 Fed. Appx. 79, 81 (6th Cir. 2003).

Petitioner attempts to side step this deficiency by asserting that he is a "class of one." In other words, petitioner claims that he has been intentionally treated differently from other similarly situated prisoners and that there is no rational basis for such treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To support his theory, petitioner provided the names of numerous prisoners whom he claims were paroled, although he omits any information regarding the offenses they committed, their prior criminal record or their conduct while incarcerated. Such conclusory allegations are insufficient to establish an equal protection claim that would warrant habeas relief, *Perez*, 157 F. Supp. 2d at 795, and petitioner otherwise failed to allege any facts to establish whether he received disparate treatment at the hands of the parole board as compared to similarly situated prisoners. *See Reffitt v. Nixon*, 917 F. Supp. 409, 414 (E.D. Va. 1996). While petitioner alleges that his co-defendant, Tahrir Kalasho, has already been paroled, the record indicates that Mr. Kalasho was convicted of the lesser included offense of manslaughter and, thus, not similarly situated to petitioner.

Furthermore, petitioner's assertion that the Parole Board denied his parole because of the vindictiveness of certain individuals within the Michigan Department of Corrections is also unavailing. Petitioner proffered no evidence nor specified any allegations to substantiate this claim. *See Bell v. Ohio Adult Parole Authority*, 23 Fed. Appx. 478, 479 (6th Cir. 2001).

Consequently, the petition for writ of habeas corpus must be denied.

In view of the foregoing, the Court will deny a certificate of appealability.  A prisoner must make a substantial showing of the denial of a constitutional right to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2).  To that end, the petitioner is required to demonstrate that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484.  For the reasons stated in this opinion, the Court declines to issue a certificate of appealability because petitioner did not make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002); *see Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1025-1027 (7th Cir. 1998).

The Court will likewise deny petitioner leave to appeal *in forma pauperis* because such an appeal would be frivolous.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is summarily denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is denied.

\_\_S/ Bernard A. Friedman_____
HONORABLE BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 29, 2012
Detroit, Michigan